## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

United States of America,

                              Plaintiff,

            v.                                         Civil Action No.: 1:24-cv-1345 (MAD/DJS)

One 2003 Ferrari Enzo AB Version E,
VIN # ZFF76ZHB000203166, *et al*.

                              Defendants.

## KEELER MOTOR CAR COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO VERFIED COMPLAINT FOR FORFEITURE *IN REM*

Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant Keeler Motor Car Company ("Keeler"), by and through its undersigned counsel, Hodgson Russ LLP, hereby files its Answer and Affirmative Defenses (the "Answer") to the *Verified Complaint for Forfeiture In Rem* (the "Complaint")[1] [ECF Doc. No. 1] filed by the United States of America.  In support of its Answer, Keeler respectfully states and alleges as follows:

### INTRODUCTION

Keeler Collision, a division of Claimant Keeler, is, among other things, an auto body repair establishment located in Albany, New York.  In December 2023 and January 2024, and at the request of Roglieri, Keeler Collision performed extensive body work on a 2023 Mercedes Benz, Model S680Z4, VIN: W1K6X7KB5PA204980 that is subject to the instant civil forfeiture action.  Roglieri failed to compensate Keeler Collision for the work performed, and the asset was seized by the Federal Bureau of Investigations on or about February 27, 2024, pursuant to a Warrant to

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed such terms in the Complaint.

Seize Property Subject to Forfeiture issued in Case No. 1:24-MJ-22 (CFH). Keeler Collision has a lien on the vehicle pursuant to New York State Lien Law Section 184 arising for the unpaid work performed on the asset. As a result, on February 26, 2024, Keeler filed a verified claim in the amount of $26,322.78 representing the amount owing on account of the above-referenced body work. After commencement of the within civil forfeiture action, Keeler filed an additional verified claim herein [*see* ECF Doc. No. 14] in order to preserve its rights in the proceeds of any sale of the subject asset. As such, demand is hereby made that, upon any sale of the above-referenced 2023 Mercedes Benz, Model S680Z4, VIN: W1K6X7KB5PA204980, Keeler receive a distribution in the amount of $26,322.78 as set forth in its verified claim.

### THE PARTIES

1.    Keeler admits the allegations set forth in Paragraph 1 of the Complaint.

2.    Keeler admits the allegations set forth in Paragraph 2(1)-(23) of the Complaint.

3.    Keeler neither admits nor denies the allegations set forth in in Paragraph 3 of the Complaint inasmuch as they summarize the Complaint rather than set forth statements of fact. To the extent a response is required, the allegations are denied.

4.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 4 of the Complaint and, thus, denies such allegations.

### JURISDICTION AND VENUE

5.    Keeler neither admits nor denies the allegations set forth in Paragraph 5 of the Complaint inasmuch as they set forth legal conclusions, which require no answer, rather than statements of fact. To the extent a response is required, the allegations are denied.

6.      Keeler neither admits nor denies the allegations set forth in Paragraph 6 of the Complaint inasmuch as they set forth legal conclusions, which require no answer, rather than statements of fact. To the extent a response is required, the allegations are denied.

7.      Keeler neither admits nor denies the allegations set forth in Paragraph 7 of the Complaint inasmuch as they set forth legal conclusions, which require no answer, rather than statements of fact. To the extent a response is required, the allegations are denied.

## FACTS

8.      Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 8 of the Complaint and, thus, denies such allegations.

9.      Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 9 of the Complaint and, thus, denies such allegations.

10.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 10 of the Complaint and, thus, denies such allegations.

**A.  Involuntary Bankruptcy Proceeding**

11.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 11 of the Complaint and, thus, denies such allegations.

12.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 12 of the Complaint and, thus, denies such allegations.

13.     The allegations set forth in Paragraph 13 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 13 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

14.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 14 of the Complaint and, thus, denies such allegations.

15.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 15 of the Complaint and, thus, denies such allegations.

16.     Keeler has insufficient knowledge regarding the allegations set forth in the first sentence of Paragraph 16 of the Complaint and, thus, denies such allegations.  Furthermore, the remining allegations set forth in in Paragraph 16 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 16 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

17.     The allegations set forth in the first sentence of Paragraph 17 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in the first sentence of Paragraph 17 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied. Keeler has insufficient knowledge regarding the allegations set forth in the second sentence of Paragraph 17 of the Complaint and, thus, denies such allegations.

18.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 18 of the Complaint and, thus, denies such allegations.

19.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 19 of the Complaint and, thus, denies such allegations.

20.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 20 of the Complaint and, thus, denies such allegations.

21.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 21 of the Complaint and, thus, denies such allegations.

**B.  Review of Prime Capital's Financial Accounts**

22.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 22 of the Complaint and, thus, denies such allegations.

23.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 23 of the Complaint and, thus, denies such allegations.

24.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 24 of the Complaint and, thus, denies such allegations.

**a.  Onward Holding, LLC ("Onward")**

25.     The allegations set forth in Paragraph 25 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 25 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

26.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 26 of the Complaint and, thus, denies such allegations.

27.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 27 of the Complaint and, thus, denies such allegations.

28.     The allegations set forth in Paragraph 28 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal

conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 28 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

29.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 29 of the Complaint and, thus, denies such allegations.

30.     The allegations set forth in Paragraph 30 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 30 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

31.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 31 of the Complaint and, thus, denies such allegations.

32.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 32 of the Complaint and, thus, denies such allegations.

**b.  526 Murfreesboro**

33.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 33 of the Complaint and, thus, denies such allegations.

34.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 34 of the Complaint and, thus, denies such allegations.

35.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 35 of the Complaint and, thus, denies such allegations.

36.     The allegations set forth in Paragraph 36 of the Complaint reference a written document and public records that speaks for themselves, and no response is required.  However,

Keeler denies any legal conclusions of inference that may be drawn from said written document and public records. To the extent such allegations set forth in Paragraph 36 are inconsistent with the terms of said written document or public records, or that a response is otherwise required, such allegations are denied.

37.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 37 of the Complaint and, thus, denies such allegations.

38.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 38 of the Complaint and, thus, denies such allegations.

39.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 39 of the Complaint and, thus, denies such allegations.

40.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 40 of the Complaint and, thus, denies such allegations.

41.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 41 of the Complaint and, thus, denies such allegations.

**c. Compass-Charlotte and HCW Biologics**

42.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 42 of the Complaint and, thus, denies such allegations.

43.     The allegations set forth in Paragraph 43 of the Complaint reference a written document and public records that speaks for themselves, and no response is required. However, Keeler denies any legal conclusions of inference that may be drawn from said written document and public records. To the extent such allegations set forth in Paragraph 43 are inconsistent with the terms of said written document or public records, or that a response is otherwise required, such allegations are denied.

44.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 44 of the Complaint and, thus, denies such allegations.

45.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 45 of the Complaint and, thus, denies such allegations.

46.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 46 of the Complaint and, thus, denies such allegations.

47.    The allegations set forth in Paragraph 47 of the Complaint reference a written document and public records that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document and public records.  To the extent such allegations set forth in Paragraph 47 are inconsistent with the terms of said written document or public records, or that a response is otherwise required, such allegations are denied.

48.    The allegations set forth in Paragraph 48 of the Complaint reference a written document and public records that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document and public records.  To the extent such allegations set forth in Paragraph 48 are inconsistent with the terms of said written document or public records, or that a response is otherwise required, such allegations are denied.

49.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 49 of the Complaint and, thus, denies such allegations.

50.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 50 of the Complaint and, thus, denies such allegations.

51.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 51 of the Complaint and, thus, denies such allegations.

52.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 52 of the Complaint and, thus, denies such allegations.

53.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 53 of the Complaint and, thus, denies such allegations.

54.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 54 of the Complaint and, thus, denies such allegations.

**d.  <u>Newlight</u>**

55.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 55 of the Complaint and, thus, denies such allegations.

56.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 56 of the Complaint and, thus, denies such allegations.

57.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 57 of the Complaint and, thus, denies such allegations.

58.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 58(a)-(d) of the Complaint and, thus, denies such allegations.

59.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 59 of the Complaint and, thus, denies such allegations.

60.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 60 of the Complaint and, thus, denies such allegations.

61.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 61 of the Complaint and, thus, denies such allegations.

62.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 62 of the Complaint and, thus, denies such allegations.

**e.   ER Tennessee LLC ("ER Tennessee")**

63.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 63 of the Complaint and, thus, denies such allegations.

64.     The allegations set forth in Paragraph 64 of the Complaint reference a written document and that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 64 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

65.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 65 of the Complaint and, thus, denies such allegations.

66.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 66 of the Complaint and, thus, denies such allegations.

67.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 67 of the Complaint and, thus, denies such allegations.

68.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 68 of the Complaint and, thus, denies such allegations.

69.     The allegations set forth in Paragraph 69 of the Complaint reference written documents that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written documents.  To the extent such allegations set forth in Paragraph 69 are inconsistent with the terms of said written documents, or that a response is otherwise required, such allegations are denied.

C.  **Statements Made During the Involuntary Bankruptcy Proceeding**

70.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 70 of the Complaint and, thus, denies such allegations.

71.    The allegations set forth in Paragraph 71 of the Complaint reference public records that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said public records.  To the extent such allegations set forth in Paragraph 71 are inconsistent with the terms of said public records, or that a response is otherwise required, such allegations are denied.

72.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 72 of the Complaint and, thus, denies such allegations.

73.    The allegations set forth in Paragraph 73 of the Complaint reference public records that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said public records.  To the extent such allegations set forth in Paragraph 73 are inconsistent with the terms of said public records, or that a response is otherwise required, such allegations are denied.

74.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 74 of the Complaint and, thus, denies such allegations.

75.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 75 of the Complaint and, thus, denies such allegations.

76.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 76 of the Complaint and, thus, denies such allegations.

D.  **Money Laundering Activity**

77.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 77 of the Complaint and, thus, denies such allegations.

78.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 78 of the Complaint and, thus, denies such allegations.

79.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 79 of the Complaint and, thus, denies such allegations.

80.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 80 of the Complaint and, thus, denies such allegations.

81.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 81 of the Complaint and, thus, denies such allegations.

82.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 82 of the Complaint and, thus, denies such allegations.

83.     The allegations set forth in Paragraph 83 of the Complaint reference written documents that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written documents.  To the extent such allegations set forth in Paragraph 83 are inconsistent with the terms of said written documents, or that a response is otherwise required, such allegations are denied.

84.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 84 of the Complaint and, thus, denies such allegations.

85.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 85 of the Complaint and, thus, denies such allegations.

### E.  **The Defendant Properties.**

86.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 86 of the Complaint and, thus, denies such allegations.

**a.  November 18, 2022 Purchases from RM Sotheby's**

87.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 87 of the Complaint and, thus, denies such allegations.

88.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 88 of the Complaint and, thus, denies such allegations.

89.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 89 of the Complaint and, thus, denies such allegations.

**b.  One 2022 Mercedes Benz, VIN #: W1NYC8AJXNX445045**

90.     Keeler admits that either Roglieri or Prime Capital purchased the 2022 Mercedes Benz from Keeler for the purchase price of $393,924.90.  Keeler has insufficient knowledge regarding the remining allegations set forth in Paragraph 90 of the Complaint and, thus, denies such allegations.

91.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 91 of the Complaint and, thus, denies such allegations.

92.     Keeler admits that either Roglieri or Prime Capital purchased the 2022 Mercedes Benz from Keeler for the purchase price of $393,924.90.  Keeler has insufficient knowledge regarding the remining allegations set forth in Paragraph 92 of the Complaint and, thus, denies such allegations.

**c.  December 12, 2022 Purchases from RM Sotheby's**

93.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 93 of the Complaint and, thus, denies such allegations.

94.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 94 of the Complaint and, thus, denies such allegations.

95.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 95 of the Complaint and, thus, denies such allegations.

96.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 96 of the Complaint and, thus, denies such allegations.

**d.  One 2004 Porsche Carrera, VIN #: WP0ZZZ98Z4L000069**

97.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 97 of the Complaint and, thus, denies such allegations.

98.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 98 of the Complaint and, thus, denies such allegations.

**e.  One 2022 Ferrari 812 Competizione, VIN #: ZFF03TLA5N0277054**

99.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 99 of the Complaint and, thus, denies such allegations.

**f.  One 2020 Mercedes Benz GT63C4S, VIN #: WDD7X8KB3LA012445**

100.    Keeler admits that either Roglieri or Prime Capital purchased the 2020 Mercedes Benz from Keeler for the purchase price of $115,067.92.  Keeler has insufficient knowledge regarding the remining allegations set forth in Paragraph 100 of the Complaint and, thus, denies such allegations.

**g.  One 2006 Maserati MC 12 Corse, VIN #: ZAMDF44B000029626**

101.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 101 of the Complaint and, thus, denies such allegations.

102.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 102 of the Complaint and, thus, denies such allegations.

**h.   One 2023 Mercedes Benz, VIN #: W1K6X7KB5PA204980**

103.    Keeler admits that either Roglieri or Prime Capital purchased the 2023 Mercedes Benz (the "2023 Mercedes Benz") from Keeler for the purchase price of $449,672.93.  Keeler has insufficient knowledge regarding the remining allegations set forth in Paragraph 103 of the Complaint and, thus, denies such allegations.  Furthermore, Keeler asserts an interest in the 2023 Mercedes Benz, or from the proceeds of a sale thereof, in the amount of $26,322.78, as evidenced by Keeler's Verified Claim filed in this action on December 11, 2024 [*see* ECF Doc. No. 14], arising from certain body work performed on the 2023 Mercedes Benz for which Keeler has yet to receive payment.

104.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 104 of the Complaint and, thus, denies such allegations.

105.    Keeler admits that either Roglieri or Prime Capital purchased the 2023 Mercedes Benz from Keeler for the purchase price of $449,672.93.  Keeler has insufficient knowledge regarding the remining allegations set forth in Paragraph 105 of the Complaint and, thus, denies such allegations.  Furthermore, Keeler asserts an interest in the 2023 Mercedes Benz, or from the proceeds of a sale thereof, in the amount of $26,322.78, as evidenced by Keeler's Verified Claim filed in this action on December 11, 2024 [*see* ECF Doc. No. 14], arising from certain body work performed on the 2023 Mercedes Benz for which Keeler has yet to receive payment.

**i.   Funds Seized from Thread Bank Accounts Ending 7554 and 1832**

106.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 106 of the Complaint and, thus, denies such allegations.

107.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 107 of the Complaint and, thus, denies such allegations.

108.    The allegations set forth in Paragraph 108 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 108 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.

109.    The allegations set forth in Paragraph 109 of the Complaint reference written documents that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written documents.  To the extent such allegations set forth in Paragraph 109 are inconsistent with the terms of said written documents, or that a response is otherwise required, such allegations are denied.

110.    Keeler has insufficient knowledge regarding the allegations set forth in the first sentence of Paragraph 110 of the Complaint and, thus, denies such allegations.  The remaining allegations set forth in Paragraph 110 of the Complaint reference written documents that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written documents.  To the extent such allegations set forth in Paragraph 110 are inconsistent with the terms of said written documents, or that a response is otherwise required, such allegations are denied.

111.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 111 of the Complaint and, thus, denies such allegations.

112.    The allegations set forth in Paragraph 112 of the Complaint reference written documents and public records that speaks for themselves, and no response is required.  However,

Keeler denies any legal conclusions of inference that may be drawn from said written documents and public records.  To the extent such allegations set forth in Paragraph 112 are inconsistent with the terms of said written documents or public records, or that a response is otherwise required, such allegations are denied.

113.    The allegations set forth in the first sentence of Paragraph 113 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 113 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.  Keeler has insufficient knowledge regarding the allegations set forth in the second sentence of Paragraph 113 of the Complaint and, thus, denies such allegations.

114.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 114 of the Complaint and, thus, denies such allegations.

115.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 115 of the Complaint and, thus, denies such allegations.

116.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 116(a)-(f) of the Complaint and, thus, denies such allegations.

117.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 117 of the Complaint and, thus, denies such allegations.

118.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 118 of the Complaint and, thus, denies such allegations.

119.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 119 of the Complaint and, thus, denies such allegations.

120.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 120 of the Complaint and, thus, denies such allegations.

121.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 121 of the Complaint and, thus, denies such allegations.

122.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 122 of the Complaint and, thus, denies such allegations.

123.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 123 of the Complaint and, thus, denies such allegations.

124.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 124 of the Complaint and, thus, denies such allegations.

125.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 125 of the Complaint and, thus, denies such allegations.

126.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 126 of the Complaint and, thus, denies such allegations.

127.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 127(a)-(b) of the Complaint and, thus, denies such allegations.

128.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 128 of the Complaint and, thus, denies such allegations.

129.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 129 of the Complaint and, thus, denies such allegations.

**j.   Refund in the Amount of $72,825.83 in U.S. Currency Seized from Ai Design**

130.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 130 of the Complaint and, thus, denies such allegations.

131.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 131 of the Complaint and, thus, denies such allegations.

132.    Keeler has insufficient knowledge regarding the allegations set forth in the first and second sentences of Paragraph 132 of the Complaint and, thus, denies such allegations. The allegations set forth in the third sentence of Paragraph 132 of the Complaint reference a written document that speaks for itself, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written document.  To the extent such allegations set forth in Paragraph 132 are inconsistent with the terms of said written document, or that a response is otherwise required, such allegations are denied.  Keeler has insufficient knowledge regarding the allegations set forth in the second sentence of Paragraph 132 of the Complaint and, thus, denies such allegations.

133.    The allegations set forth in Paragraph 133 of the Complaint reference written documents that speaks for themselves, and no response is required.  However, Keeler denies any legal conclusions of inference that may be drawn from said written documents.  To the extent such allegations set forth in Paragraph 133 are inconsistent with the terms of said written documents, or that a response is otherwise required, such allegations are denied.

134.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 134 of the Complaint and, thus, denies such allegations.

135.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 135 of the Complaint and, thus, denies such allegations.

136.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 136 of the Complaint and, thus, denies such allegations.

137.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 137 of the Complaint and, thus, denies such allegations.

### k.  One Richard Mille RM011 Watch With Serial Number 2722

138.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 138 of the Complaint and, thus, denies such allegations.

139.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 139 of the Complaint and, thus, denies such allegations.

### l.  One Richard Mille RM 65-01 Watch

140.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 140 of the Complaint and, thus, denies such allegations.

141.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 141 of the Complaint and, thus, denies such allegations.

### m.  Two Rolex Watches With Serial Numbers Y74R6549 and 7P65S042

142.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 142 of the Complaint and, thus, denies such allegations.

143.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 143 of the Complaint and, thus, denies such allegations.

144.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 144 of the Complaint and, thus, denies such allegations.

### n.  Two Rolex Watches With Serial Numbers 0WU66577 and 65R11547

145.    Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 145 of the Complaint and, thus, denies such allegations.

146.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 146 of the Complaint and, thus, denies such allegations.

147.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 147 of the Complaint and, thus, denies such allegations.

148.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 148 of the Complaint and, thus, denies such allegations.

149.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 149 of the Complaint and, thus, denies such allegations.

**o.  One Rolex Watch, Serial Number: 8S927086**

150.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 150 of the Complaint and, thus, denies such allegations.

151.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 151 of the Complaint and, thus, denies such allegations.

**F.  Roglieri's Indictment in the Northern District of New York**

152.     Keeler has insufficient knowledge regarding the allegations set forth in Paragraph 152 of the Complaint and, thus, denies such allegations.

## CONCLUSION

153.     Keeler denies the allegations set forth in Paragraph 153 of the Complaint.

154.     Keeler denies each and every allegation set forth in the "Wherefore Clause" of the Complaint.

155.     Keeler denies each and every allegation in the Complaint not explicitly admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, and, accordingly, should be dismissed pursuant to Rule 12(b)(6) of the federal Rules of Civil Procedures

### SECOND AFFIRMATIVE DEFENSE

The 2023 Mercedes Benz, in which Keeler has an interest, is not from any prohibited source and not subject to forfeiture.

### THIRD AFFIRMATIVE DEFENSE

The 2023 Mercedes Benz, in which Keeler has an interest, is not subject to seizure and forfeiture.

### FOURTH AFFIRMATIVE DEFENSE

Forfeiture and seizure of the 2023 Mercedes Benz, in which Keeler has an interest, is barred by the prohibition of depriving citizens of property without due process of law as provided for in the Fifth Amendment to the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Keeler is an innocent party having an interest in the 2023 Mercedes Benz who did not know, and should not have known after a reasonable inquiry, that the 2023 Mercedes Benz was being employed or was likely to be employed in criminal activity.

### ADDITIONAL DEFENSES

Keeler may become aware of additional affirmative defenses during discovery, and reserves its right to assert additional defenses as they become known. Some affirmative defenses have been pled for purposes on non-waiver. Keeler reserves its rights to amend it affirmative defenses.

## CONCLUSION

For the reasons set forth herein, demand is hereby made that, upon any sale of the above-referenced 2023 Mercedes Benz, Model S680Z4, VIN: W1K6X7KB5PA204980, Keeler receive a distribution in the amount of $26,322.78 as set forth in its verified claim.

Dated: January 2, 2025
       Buffalo, New York

                                        **HODGSON RUSS LLP**

                                        By: ___*/s/ Jon T. Powers*___
                                            James C. Thoman (Bar Roll No. 511771)
                                            Jon T. Powers (Bar Roll. No. 518466)
                                            140 Pearl Street, Suite 100
                                            Buffalo, New York 14202
                                            Telephone: 716-856-4000
                                            Email: jthoman@hodgsonruss.com
                                            Email; tpowers@hodgsonruss.com

                                        *Counsel to Claimant Keeler Motor Car Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January 2025, a copy of the Answer was served on all counsel of record via the court's electronic filing system and a courtesy copy was sent, via first class mail, postage prepaid, to the following:

> Carla B. Freedman, United States Attorney
> United States Attorney's Office, Northern District of New York
> 100 South Clinton Street
> Syracuse, New York 13261
> ATTN: Elizabeth A. Conger, Assistant U.S. Attorney

*/s/ Jon T. Powers*
Jon T. Powers (Bar Roll. No. 518466)