UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                        Plaintiff,<br>    v.<br><br>One 2003 Ferrari Enzo AB Version E, VIN #: ZFFCZ56B000132659, *et al.*,<br><br>                        Defendants. | Civil Action No.:  1:24-cv-1345 (MAD/DJS) |

## **UNITED STATES' MOTION FOR A WRIT OF ENTRY**

Plaintiff, the United States of America, by its attorneys John A. Sarcone III, United States Attorney for the Northern District of New York, and Elizabeth Conger, Assistant United States Attorney, hereby moves this Court for the issuance of a Writ of Entry, as authorized by 18 U.S.C. §§ 983(j) and 985(b)(2), for the purpose of conducting an inventory and appraisal of the real property located at 600 Linkhorn Drive, Virginia Beach, Virginia  23451, (the "Defendant Real Property").

So long as the government has filed a complaint for forfeiture, posted notice of the complaint on the real property, and served notice on the property owner, including a copy of the complaint, then "it shall not be necessary for the court to issue an arrest warrant in rem, or take any other action to establish in rem jurisdiction over the property."  18 U.S.C. § 985(c)(3). Subsection 985(b)(2) explicitly provides that the "filing of a lis pendens and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property" are not considered "seizure" of the property subject to a civil forfeiture action.  18 U.S.C. § 985(b)(2). However, courts have broad discretion to enter protective orders and to "take any other action" in

order to "secure, maintain or preserve the availability of property subject to civil forfeiture." 18 U.S.C. § 983(j)(1).

As alleged in the Amended Verified Complaint for Forfeiture *in Rem*, filed with this Court on January 15, 2025, the Defendant Real Property is subject to forfeiture for pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in offenses in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering) and, pursuant to 18 U.S.C. § 981(a)(1)(C) as property derived from proceeds traceable to offenses in violations of 18 U.S.C. §§ 1343 and 1349 (wire fraud and wire fraud conspiracy). *See* Dkt. No. 20-1. On February 25, 2025, a copy of the Amended Verified Complaint, Notice to Potential Claimants, and Notice of Complaint for Forfeiture Against Real Property and Summons were posted on the Defendant Real Property. *See* Dkt. No. 34. On January 28, 2025, Kris Roglieri was personally served a copy of the Amended Verified Complaint, Notice to Potential Claimants, and Notice of Complaint for Forfeiture Against Real Property and Summons. *See* Dkt. No. 26. On February 28, 2025, Kimberly Humphrey, through her attorney, Thomas Capezza, Esq., was served a copy of the Amended Verified Complaint, Notice to Potential Claimants, and Notice of Complaint for Forfeiture Against Real Property and Summons. *See* Dkt. No. 36. Notice has been posted on the defendant real property. *See* Dkt. No. 34.

The need to inspect the premises is especially important where the property is only constructively seized, as is the case here. Here, the need for the government to enter and assess the condition of the property is particularly critical as the government has learned that the prior occupant, who is not the titled owner of the Defendant Real Property, has moved out. Moreover, the government received information indicating that the condition and the security of the Defendant Real Property may have been compromised.

A Writ of Entry would provide the government with the opportunity to appraise the

condition and value of the Defendant Real Property, would allow for photographs and videos to be taken to record the current condition of the Defendant Real Property, and would permit the United States to take an inventory of the Defendant Real Property. Without an inspection at the outset of the case, it would be difficult for the government to effectively "secure, maintain or preserve the availability of property" for its forfeiture. 18 U.S.C. § 983(j)(1).

Finally, the provisions of 18 U.S.C. § 2232(b) make it a crime for anyone to take any action that would impair the Court's *in rem* jurisdiction over property that is subject to forfeiture. Thus, the Writ of Entry should also provide that any interference with its execution shall be deemed a violation of a Court order, and punishable as a contempt in violation of 18 U.S.C. § 2232. A proposed Writ is appended hereto.

WHEREFORE, for all the above reasons, the United States requests that the Court issue a Writ of Entry to permit the inspection, inventory, and appraisal of the Defendant Real Property located at 600 Linkhorn Drive, Virginia Beach, Virginia 23451.

Dated: March 27, 2025

Respectfully submitted,

JOHN A. SARCONE III
United States Attorney

By:   */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872