**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

        Plaintiff,

                1:24-CV-1345
 v.              (MAD/DJS)

ONE 2003 FERRARI ENZO AB VERSION E,
*et al.*,

        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| UNITED STATES ATTORNEY'S OFFICE<br>NORTHERN DISTRICT OF NEW YORK<br>Attorney for Plaintiff<br>100 South Clinton St.<br>Syracuse, NY 13261 | ELIZABETH A. CONGER, ESQ. |
| BRADLEY ARANT BOULT<br>COMMINGS, LLP<br>Attorneys for Claimant B and R<br>Acquisitions Partners, LLC and<br>JMH Lending Ventures, LLC<br>188 E. Capitol Street – Suite 1000<br>Jackson, MS 39201 | RANKIN S. FORTENBERRY, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

#### I.  INTRODUCTION

   This matter was referred to the Court for a hearing following the execution of an *ex parte* order of seizure.  Text Order dated April 10, 2025.  For the reasons that follow, it is recommended that the District Court confirm this Court's findings that the *ex parte*

- 1 -

application was appropriate, that probable cause exists for the forfeiture proceedings, and that exigent circumstances have been established.

## II.   BACKGROUND

The property in question is located at 600 Linkhorn Drive, Virginia Beach, VA. Dkt. 43. The Government instituted forfeiture proceedings against, *inter alia*, the Virginia Beach property pursuant to the Civil Asset forfeiture Reform Act ("CAFRA"). Dkt. No. 1, Compl. and Dkt. No. 20-1, Am. Compl. The Verified Amended Complaint alleges that the property in question "constitutes or was derived from proceeds traceable to" offenses in violation of title 18 U.S.C. §§1343 & 1349. Am. Compl. at pp. 3-6 and ¶¶ 11-13, 26, 80-85, 140-150. In particular, it is alleged that the Virginia Beach property was obtained from funds derived from a Ponzi fraud and money laundering scheme organized by Kris Roglieri and others, utilizing Prime Capital Ventures, LLC. *Id.*

On March 31, 2025, the Government filed an *ex parte* Application for the seizure of the Virginia Beach property. Dkt. No. 42.[1] The Affidavit of Assistant United States Attorney Elizabeth Conger submitted in support of the Application noted that the property in question was now unoccupied, that appliances have been removed, and that the property had incurred damage. Dkt. No. 42-3 at ¶ 2. It was further noted that during conversations with counsel for the last occupant of the multimillion-dollar home, Kimberly Humphrey, it was confirmed that she and her family had moved out, that at

---

[1] Prior to seeking the seizure warrant, the United States filed a Motion for a Writ of Entry onto the subject property. Dkt. No. 40. The issuance of the seizure warrant obviously mooted this request, and at the hearing counsel for the United States orally moved to withdraw the Motion for a Writ of Entry. That Motion is granted.

least one window at the property had been broken by her soon-to-be ex-husband, and that that individual had the code to open the doors of the mansion. *Id*. at ¶ 6, Dkt. No. 42-3.

The *ex parte* seizure warrant was signed by the Court on March 31, 2025, and was executed shortly thereafter. Pursuant to statute, 18 U.S.C. § 985(e), the Government requested the scheduling of a post-seizure hearing so that anyone asserting an ownership interest in the property could contest the basis for the seizure, or the assertion of exigent circumstances. Dkt No. 47. That Hearing was then referred to this Court to conduct, and was held on April 23, 2025.

At the Hearing, the Government appeared by AUSA Elizabeth Conger. She confirmed, by proffer, the Government's position that there was sufficient probable cause to commence proceedings to seize the property, noting that the acquisition of the 600 Linkhorn Drive property was made pursuant to the proceeds of fraudulent activity, and therefore the Government properly sought forfeiture. AUSA Conger further confirmed the correctness of the basis for the claim of exigent circumstances: the abandonment of the property, the broken window, and compromised security. In short, none of the facts supplied in the affidavit to the Court have changed. AUSA Conger finally advised the Court that the Government has now temporarily seized the property, and has installed surveillance cameras and other means to maintain the integrity of the property during the course of the forfeiture proceedings.

Present at the hearing was counsel for Claimants B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC. Attorney Rankin Fortenberry noted that he was present to protect the interests of his Claimants in the Virginia property. As noted in their

claim, B and R and JHM assert that they were bona fide purchasers for value and that their interest should predominate the interests of the Government. *See also* Dkt. No. 49. As to the facts at issue in the Hearing, however, counsel Fortenberry conceded that there were exigent circumstances that would warrant the *ex parte* Application. In fact, it appears that their firm was the one that advised the Government of the potential vandalism at the site. Further, attorney Fortenberry essentially conceded the Government's legal basis to seek civil forfeiture of the property, but maintains that his clients will be able to establish an affirmative defense during the course of those forfeiture proceedings that would entitle them to retain their interest in the property.

### III.   DISCUSSION

The Due Process Clause requires notice and an opportunity to be heard in connection with the proposed deprivation of a property interest by a state actor. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993). In general, a pre-deprivation hearing is required except where the conduct involved is random and unauthorized, or where exigent circumstances prevent holding such a pre-deprivation hearing. *Id.*; *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). In the latter circumstance, the availability of a subsequent post-deprivation hearing may well satisfy due process. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43 at 53.

In 2000, Congress enacted the Civil Asset Forfeiture Reform Act (CAFRA) which outlines the procedures for judicial forfeiture of real property. That statute is applicable in this case. Specifically, 18 USC § 985 sets forth in pertinent part:

> (a) Notwithstanding any other provision of law, all civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures. . . .
>
> (c)(1) The Government shall initiate a civil forfeiture action against real property by--
> >   (A) filing a complaint for forfeiture;
> >   (B) posting a notice of the complaint on the property; and
> >   (C) serving notice on the property owner, along with a copy of the complaint. . .
>
> **(d)(1) Real property may be seized prior to the entry of an order of forfeiture if--**
> > **(A) the Government notifies the court that it intends to seize the property before trial; and**
> > **(B) the court--**
> > (i) issues a notice of application for warrant, causes the notice to be served on the property owner and posted on the property, and conducts a hearing in which the property owner has a meaningful opportunity to be heard; or
> > **(ii) makes an ex parte determination that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard.**
>
> (2) For purposes of paragraph (1)(B)(ii), to establish exigent circumstances, the Government shall show that less restrictive measures such as a lis pendens, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property.
>
> **(e) If the court authorizes a seizure of real property under subsection (d)(1)(B)(ii), it shall conduct a prompt post-seizure hearing during which the property owner shall have an opportunity to contest the basis for the seizure.**

18 U.S.C. § 985 w(emphasis added).

For purposes of the present hearing, the requirements of section 985(e) control. In essence, two questions are presented at a section 985(e) hearing. First, was there probable cause to believe that the property in question was connected to a crime such that it is

properly the subject of the forfeiture proceeding? In connection with that, it is important to note that the Government is not required to show that it will be successful in their civil action seeking forfeiture, but rather only establish the existence of probable cause. *United States v. Bowman*, 341 F.3d 1228, 1235 (11th Cir. 2003). In doing so, the Government can rely upon hearsay evidence. *United States v. Walsh*, 712 F.3d 119, 125 (2d Cir. 2013).

The second question for the hearing is whether exigent circumstances were present so as to justify the *ex parte* application? In that regard, the property owner may argue that such circumstances were in fact missing, and that the Government's prehearing seizure violated their due process rights. [2] As to exigent circumstances, the parties agree that such circumstances exist in this case. The facts and concerns regarding the danger to the property presented by third parties is also sufficient to show under section 989 (d)(2) that "less restrictive measures such as a lis pendens, restraining order, or bond would not suffice to protect the Government's interests." 18 U.S.C. § 985(d)(2).

After considering the evidence presented at the recently held hearing, as well as the verified pleadings and the *Roglieri* Indictment (*United States v. Roglieri*, 1:21-CR-392, Dkt. No. 35), the Court concludes that the Government has established probable cause to believe that the Virginia Beach property is associated with, or represents fruits of, the criminal activity of Kris Roglieri. The Court does not understand Claimants to dispute that finding, but merely to assert that they will be successful at the end of the civil

---

[2] In the event that probable cause exists, but exigent circumstances do not, the claimant would not be entitled to the return of the property but only for damages caused by the improvident seizure, such as lost rents or profits. *United States v. Bowman,* 341 F.3d 1228, 1234 (11th Cir. 2003). In the present case the Claimants' counsel concedes that there was no such loss.

forfeiture proceeding. That, of course, is not the issue to be decided at this time. *See United States v. Certain Real Prop. Located at 263 Weatherbrook Lane, Anniston, Alabama, known as "The Platinum Club"*, 202 F. Supp. 2d 1275, 1277 (N.D. Ala. 2002) ("The only question for the § 985(e) hearing is merely whether the Government continues to be justified in continuing its temporary seizure of the property pending trial, not whether the Government is entitled to take the property permanently via forfeiture.").

Finally, and as noted above, exigent circumstances have been established. In fact, Claimants' counsel notes that they are in favor of the federal authorities maintaining control of the property so as to preserve its integrity and value.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that the Motion for Writ of Entry (Dkt. No. 40) is **Withdrawn** as moot; and it is

**RECOMMENDED**, that the District Court adopt the factual findings contained herein and find that the *ex parte* application for the temporary seizure of the property located at 600 Linkhorn Drive, Virginia Beach, VA 23451 was supported by both probable cause and exigent circumstances, and that the temporary seizure that was effectuated by the Government was proper; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 30, 2025
       Albany, New York

*/s/ Daniel J. Stewart*
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).