UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

  vs.                                                            1:24-CV-1345
                                                                   (MAD/DJS)

ONE 2003 FERRARI ENZO AB VERSION E,
VIN #: ZFFCZ56B000132659, *et al.*,

                        Defendants,

  vs.

KEELER MOTOR CAR COMPANY, *et al.*,

                        Claimants.

---

APPEARANCES:                                 OF COUNSEL:

**OFFICE OF THE UNITED**          **ELIZABETH A. CONGER, AUSA**
**STATES ATTORNEY**
100 South Clinton St.
Syracuse, New York 13261
Attorney for the United States

**OFFICE OF THE UNITED**          **JOSHUA R. ROSENTHAL, AUSA**
**STATES ATTORNEY**                 **MICHAEL S. BARNETT, AUSA**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
Attorneys for the United States

**DRIBUSCH LAW FIRM**              **CHRISTIAN H. DRIBUSCH, ESQ.**
187 Wolf Road, Suite 300-20
Albany, NY 12205
Attorney for Defendant Properties except
Real Property commonly known as
600 Linkhorn Drive, Virginia Beach,
Virginia 23451

1

| | |
|---|---|
| **HODGSON RUSS LLP** | **JAMES C. THOMAN, ESQ.** |
| 140 Pearl Street | **JON T. POWERS, ESQ.** |
| Suite 100 | |
| Buffalo, New York 14202 | |
| Attorneys for Claimant | |
| Keeler Motor Car Company | |
| | |
| **NELSON MULLINS RILEY & SCARBOROUGH** | **PETER J. VEYSEY, JR., ESQ.** |
| One Post Square, 30th Floor | |
| Boston, Massachusetts 02109 | |
| Attorney for Claimant J.K. Technologies, LLC | |
| | |
| **BRADLEY ARANT BOULT CUMMINGS** | **M. PATRICK EVERMAN, ESQ.** |
| 188 E. Capitol Street - Suite 1000 | **RANKIN S. FORTENBERRY, ESQ.** |
| Jackson, Mississippi 39201 | |
| Attorneys for Claimant B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC | |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On November 5, 2024, the United States filed a complaint for forfeiture *in rem* against properties alleged to be proceeds of federal criminal offenses. *See* Dkt. No. 1. The properties, named as Defendants, consisted of luxury cars, car parts, money, and watches. *See id.* at ¶ 2. The Defendant properties are allegedly associated with "a fraud and money laundering scheme perpetrated by Kris Roglieri, ("Roglieri"), of Queensbury, New York, and others via Prime Capital Ventures, LLC ("Prime Capital"), a purported lending business based in Albany." *Id.* at ¶ 8. A warrant was issued the same day the complaint was filed, which was retuned as executed on November 25, 2024. *See* Dkt. Nos. 2, 4, 5.

On December 3, 2024, attorneys appeared on behalf of Prime Capital and all Defendants. *See* Dkt. Nos. 7, 8. Christian H. Dribusch appeared on behalf of the Defendant properties "in his capacity as chapter 7 bankruptcy trustee of the estate of" Roglieri. Dkt. No. 8. On December 11,

2024, Keeler Motor Car Company and J.K. Technologies, LLC filed claims against specific Defendant properties. *See* Dkt. Nos. 14, 15. Both claimants then answered the complaint. *See* Dkt. Nos. 18, 19.

On January 15, 2025, the Government filed an amended complaint wherein it added "the forfeiture of real property commonly known as 600 Linkhorn Drive, Virginia Beach, Virginia 23451, in addition to property previously identified for forfeiture in the complaint filed on November 5, 2024." Dkt. No. 20 at 1. The Government alleges that Prime Capital bought the Virginia Beach home in January 2023. *See id.* at ¶ 141. The Government filed a notice of *lis pendens* the same day, which was amended on January 22, 2025. *See* Dkt. Nos. 21, 24. B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC ("B & R") filed a claim concerning the Virginia Beach house on February 14, 2025. *See* Dkt. No. 32. Counsel appeared and filed an answer on B & R's behalf on March 6, 2025. *See* Dkt. Nos. 37, 38.

On March 27, 2025, the Government filed a motion for writ of entry "for the purpose of conducting an inventory and appraisal of the" Virginia Beach house. Dkt. No. 40-1 at 1. Four days later, on March 31, 2025, the Government filed an *ex parte* motion for a preliminary injunction requesting a warrant to seize the house. *See* Dkt. No. 42. The Government argued "[t]hat exigent circumstances presently exist and that seizure of the Defendant Real Property without pre-seizure notice or hearing is necessary to protect the United States' interests in preventing the destruction of the Defendant Real Property.'" *Id.* at 2. The Government learned from B & R that it "had been informed by a realtor local to the Virginia Beach, Virginia area that the Defendant Real Property was unoccupied, appliances had been removed, and the property had incurred damage." Dkt. No. 42-1 at 3. The Government argued that the threat of additional damage supported issuance of the warrant for pre-judgment seizure. *See id.*

Finding probable cause and exigent circumstances to exist, Magistrate Judge Daniel J. Stewart issued the warrant on March 31, 2024.  *See* Dkt. No. 43.  He also ordered that a post-seizure hearing would be held.  *See id.*  On April 4, 2025, the Government filed a letter requesting a post-seizure hearing and notifying Magistrate Judge Stewart that Roglieri had been personally served with notice of the warrant.  *See* Dkt. No. 47.  B & R responded to the Government's letter requesting permission to participate in the hearing.  *See* Dkt. No. 49.  B & R stated it did not oppose the Government's temporary seizure of the Virginia Beach house but explained that it had a perfected security interest in the house which it sought to protect.  *See id.*

The Government requested permission to file a reply to B & R's letter, *see* Dkt. No. 51, which was granted.  *See* Dkt. No. 52.  However, the Government did not file a reply.  Magistrate Judge Stewart held a hearing on April 24, 2025.  *See* Text Minute Entry 04/24/2025.  On April 30, 2025, Magistrate Judge Stewart issued a Report-Recommendation and Order which (1) ordered that the Government's motion for a writ of entry is denied as moot; and (2) recommended the Court adopt his factual findings that the *ex parte* application for the warrant was supported by probable cause and exigent circumstances.  *See* Dkt. No. 55.  No party has filed objections.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error.  *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"Section 983 of Title 18 of the United States Code sets forth the '[g]eneral rules for civil forfeiture proceedings.'"  *In re 650 Fifth Ave. Co.*, 991 F.3d 74, 78 (2d Cir. 2021) (quoting 18 U.S.C. § 983).  "Section 983 permits courts to issue a protective order to 'seize, secure, maintain,

4

or preserve the availability of property subject to civil forfeiture,' and such orders may be entered prior to judgment." *Id.* (quoting 18 U.S.C. § 983(j)(1)). "Section 985, however, governs civil forfeiture of 'real property and interests in real property' and provides that 'real property that is the subject of a civil forfeiture action shall not be seized before entry of an order of forfeiture.'" *Id.* (quoting 18 U.S.C. § 985(b)(1)(A), (f)(1)). The Second Circuit has explained that "Section 985 contains two exceptions to this prohibition on pre-judgment seizures of real property" which are as follows:

> (1) where, on the Government's application, the court conducts a pre-seizure probable cause "hearing in which the property owner has a meaningful opportunity to be heard"[;] or
>
> (2) where the court determines "that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard."

*Id.* at 78-79 (quoting 18 U.S.C. § 985(d)(1)(B)(i)-(ii)) (spacing added).

The Court finds no clear error in Magistrate Judge Stewart's conclusion that probable cause and exigent circumstances supported the Government's pre-judgment seizure of the Virginia Beach house.

Probable cause is derived from the allegations set forth in the criminal indictment in *United States v. Roglieri*, 1:24-CR-392, Dkt. No. 35, wherein Roglieri is charged with wire fraud related to his ownership of Prime Capital. The Government sufficiently alleges that the Virginia Beach house was purchased by Prime Capital during the time it engaged in the alleged fraudulent activity. *See* Dkt. No. 20-1; *see also United States v. Real Prop. Located at 14420 Tukwila Int'l Blvd., Tukwila, Washington, King Cnty. Parcel No. 004000-0175*, 979 F. Supp. 2d 1191, 1195 (W.D. Wash. 2013) ("To demonstrate probable cause, the government need demonstrate 'only the

probability, and not a prima facie showing, of criminal activity'") (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983)) (additional quotation and quotation marks omitted).

Next, "[e]ven if there is probable cause to seize the property, the government must still establish the existence of exigent circumstances, that 'less restrictive measures such as a lis pendens, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property.'" *Id.* at 1195-96 (quoting 18 U.S. C. § 985(e)). "There is little authority interpreting when exigent circumstances exist." *Id.* at 1196.

As Magistrate Judge Stewart explained, the parties agree there were exigent circumstances supporting the *ex parte* warrant and pre-judgment seizure because the Virginia Beach house is unoccupied and unsecured to prevent any intrusion. *See* Dkt. No. 55 at 6; *see also* Dkt. No. 42-1 at 2. The Government attests that damage to the property was done by an individual who still had access to the home. *See* Dkt. No. 42-3 at ¶ 6. Such circumstances support a finding of exigent circumstances warranting pre-judgment seizure to prevent destruction of the property.[1]

Because Magistrate Judge Stewart held a post-seizure hearing and he properly concluded that probable cause and exigent circumstances support pre-judgment seizure of the property, the

---

[1] As Magistrate Judge Stewart noted in his Report-Recommendation and Order, "even if a property owner's rights are violated by an ex parte seizure in the absence of exigent circumstances, that once the Claimant is subsequently afforded the process that is due him and it is found that the deprivation still would be justified, then he is not entitled to a release of the property, although he may be entitled to certain restitution for the period he was deprived of his property in violation of the Constitution." *United States v. Certain Real Prop. Located at 263 Weatherbrook Lane, Anniston, Alabama, known as "The Platinum Club"*, 202 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002); *see also* Dkt. No. 55 at 6 n.2.

Court concludes that the Government's conduct was proper and in compliance with the requirements of 18 U.S.C. § 985.[2]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 55) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the Government's motion for a writ of entry (Dkt. No. 40) is **DENIED as moot**; and the Court further

**ORDERS** that the Government's temporary seizure of the property located at 600 Linkhorn Drive, Virginia Beach, VA 23451 is supported by both probable cause and exigent circumstances, and is, therefore, proper; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated:  July 22, 2025
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] The Court notes that the Mr. Dribusch, who appeared on Defendants' behalf as Roglieri's trustee, is no longer the trustee in Roglieri's chapter 7 bankruptcy case. *See In re Roglieri*, 24-10157. The new trustee has not appeared in this action.