UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.   1:24-cv-1345 (MAD/DJS) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| One 2003 Ferrari Enzo AB Version E, | ) | |
| VIN#: ZFFCZ56B000132659, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Government's Reply on its Motion to Strike the Claim of**
**B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC**

The Government respectfully submits this reply memorandum of law in further support of its motion to strike the claim of B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC (collectively, "B and R") pursuant to Supplemental Rule G(8)(c) of the Federal Rules of Civil Procedure.

The first sentence of B and R's opposition brief establishes why its claim should be stricken – B and R claims that it "was a good-faith purchaser of commercial lending services for value from an entity called Prime Capital Ventures, LLC ('Prime')." Opp. Br. at 1. This may be so, but the Government is not seeking to forfeit "commercial lending services." Rather, it is seeking to forfeit real property in Virginia Beach, Virginia (the "Defendant Real Property"), and B and R does not cite a single case in support of its novel and far-fetched contention that it can be an innocent owner and bona-fide purchaser for value ("BFP") of that property based on a prior debt that was reduced to judgment, and not on its actually giving value for the property interest itself. Because, as a matter of law, B and R's actions do not make it an innocent owner or BFP of that property, its claim should be stricken for lack of standing.

1

The Government's moving brief explains why B and R's judgment lienholder status is insufficient to make it an innocent owner or BFP under federal law. As set forth below, none of B and R's arguments in opposition holds water.

***Courts look at 21 U.S.C. § 853(n)(6)(B) to interpret 18 U.S.C. § 983(d)(3)'s BFP provision***. B and R criticizes the Government's reliance on caselaw interpreting the criminal forfeiture statute. It notes that "some courts have blindly called the civil and criminal forfeitures statutes identical," Opp. Br. at p. 16, without discussing those courts' decisions. In fact, far from "blindly" conflating the two statutes, courts routinely look at the criminal forfeiture statute's BFP provision, at 21 U.S.C. § 853(n)(6)(B), to interpret 18 U.S.C. § 983(d)(3)'s BFP provision, because the latter lacks a definition of BFP. *See, e.g.*, *United States v. Contents of Smith Barney Citigroup Acct. Mo. 34–19*, 482 F. App'x 134, 137 n.2 (6th Cir. 2012); *United States v. Munson*, 477 F. App'x 57, 67 (4th Cir. 2012) (noting that BFP is not defined in the civil forfeiture statute and "[a]ccordingly, courts often turn to the definition in the criminal forfeiture statute"); *United States v. 274 Milton Rahn Rd. Rincon, GA*, No. 4:18-cv-299 (RSB), 2022 WL 969621 (S.D. Ga. Mar. 30, 2022); *United States v. 1309 Fourth St.*, No. 2:12–cv–2263 (MA), 2015 WL 670572, *8 (D. Or. Feb. 17, 2015); *United States v. 1996 Vector M12*, 442 F. Supp. 2d 482, 486 (S.D. Ohio 2005). Accordingly, the Second Circuit's observation in a criminal forfeiture case, *United States v. Egan*, 654 F. App'x 520, 522 (2d Cir. 2016) – "a judgment creditor is not a bona fide purchaser for value" – should apply with equal force and effect here.

Even if this Court's analysis were confined to the civil forfeiture statute, 18 U.S.C. § 983(d), B and R would need to show that with respect to "a property interest," it is an "innocent owner" that was a BFP – meaning, a BFP of the property interest at issue, in this case the Defendant Real Property. But, as B and R admits in the very first sentence of its brief, it is "a good-faith

purchaser of commercial lending services for value." "Commercial lending services" are not the "property interest" in this case, and B and R provides no support for the notion that it could be a BFP of the Defendant Real Property merely because it purchased "commercial lending services" for value, then several years later obtained an arbitration award and then a judgment against Prime Capital Ventures, and then domesticated that judgment in the jurisdiction where the Defendant Real Property is located. B and R may be, as it asserts, a secured creditor with a judgment lien against the Defendant Real Property, but this does not automatically make it an innocent owner and BFP with an interest in that property superior to the Government's. *See Egan*, 654 F. App'x at 522 ("a judgment creditor is not a bona fide purchaser for value").

**B and R's standing analysis misses the mark.** B and R also erroneously argues that it has standing because it has alleged an ownership interest in the Defendant Real Property. But B and R must do more to establish statutory standing – it must allege an ownership interest in the Defendant Real Property that, if substantiated, would give it priority over the Government. As B&R correctly notes, "this motion is effectively one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." Opp. Br. at 4. The Government is not seeking a ruling on the merits of its forfeiture action, nor on the merits of B and R's claim, but a ruling that –accepting its factual allegations as true – B and R fails to allege a valid claim as a matter of law. And when a claimant alleges only an ownership interest that plainly falls short of rendering it an innocent owner or BFP, its claim should be stricken as a matter of law. *See, e.g.*, *United States v. 74.05 Acres of Land*, 428 F. Supp. 2d 57, 65 (D. Conn. 2006) (court found that claimant who had an equitable interest in real property had Article III standing but did not have statutory standing because equitable interests are excluded from § 983(d)(6)'s definition of owner); *United States v. 2004 Land Rover Range Rover*, No. 07–CV–818S (WMS), 2009 WL 909669, at *3 (W.D.N.Y. Mar.

31, 2009) (court held that claimant lacks statutory standing if it is not an owner as defined in § 983(d)(6)).[1] These cases involved the issue of whether a claimant qualified as an owner under § 983(d)(6), but they also support the conclusion that a proper standing inquiry includes consideration of whether a claimant has adequately alleged that it is an innocent owner and BFP under § 983(d)(3). *See also United States v. Mann*, 729 F. Supp. 3d 257, 273–74 (N.D.N.Y. 2024) (in a criminal forfeiture proceeding, granting the Government's motion to dismiss a portion of a BFP claim as insufficient as a matter of law, based on the claimant's factual assertions).

      B and R's case citations are unavailing. If anything, they support the Government's argument. For starters, in *United States v. Mehmood*, No. 3:09-cr-00024 (JAJ), 2011 WL 13266730, at *4 (S.D. Iowa Aug. 10, 2011), the claimant's petition was dismissed on the Government's motion because the petition failed to establish as a matter of law that the claimant could be a BFP – which is the same result the Court should reach here. In *United States v. Currency $11,331*, 482 F. Supp. 2d 873 (E.D. Mich. 2007), the court concluded that an unsecured creditor had standing because it adequately alleged a constructive trust that might have given it a superior interest in seized assets vis-à-vis the Government. Here, by contrast,

---

[1] While acknowledging that the Government's motion seeks a judgment dismissing B and R's pleading, B and R cites *United States v. Assets Described in Attachment A to the Verified Compl. Forfeit. In Rem*, 799 F. Supp. 2d 1319 (M.D. Fla. 2011), for the notion that the standing inquiry should not consider whether B and R adequately states a claim as a matter of law. To the extent that *Assets Described in Attachment A* could be read in this way, its reasoning should be rejected in favor of the within-Circuit district court cases cited by the Government in which the standing inquiry properly included consideration of whether the claimant had alleged an adequate claim as a matter of law. Failure to consider a claim's legal adequacy would – in a case where a claim was legally deficient – unnecessarily delay forfeiture and subject the Government to needless, time-consuming discovery. Also, in *Assets Described in Attachment A*, the Government conceded that the claimant had standing to file a claim to at least some of the assets at issue. *Assets Described in Attachment A*, 799 F. Supp. 2d at 1324.

B and R's claim fails as a matter of law because it does not and cannot allege that it purchased an interest in the Defendant Real Property for value. Rather, B and R's claim is based solely on its obtaining an arbitration award and then a judgment against Prime Capital, which it then lodged in the local court that has jurisdiction over the Defendant Real Property. Such actions do not make B and R a BFP because its interest in the Defendant Real Property is based on a prior debt that was reduced to judgment, and not on its actually giving value for the property interest itself. B and R does not cite a single case that would permit it to claim BFP status in this context. *Compare United States v. BCCI Holdings, Luxembourg, S.A.*, 69 F. Supp. 2d 36, 62 (D.D.C. 1999) ("A creditor who attempts to satisfy the debt by obtaining a judgment lien, or exercising a right of set-off, against specific property is not a bona fide purchaser of that property because he has given nothing of value in exchange for the property interest").

If, as the Government contends, B and R could never be a BFP of the Defendant Real Property – because it is only, at most, a BFP of "commercial lending services" – then the Court should strike its claim because then there would be no need to move forward with time-consuming discovery on the irrelevant issue of whether B and R "did not know and was reasonably without cause to believe that the property was subject to forfeiture."[2] 18 U.S.C. § 983(d)(3)(A)(ii). *See generally United States v. 14K Miami Cuban Chain*, No. 1:22-cv-380 (MAD), 2023 WL 4546235, *3 (N.D.N.Y. July 14, 2023) (granting government's motion to strike claim and answer where claimant plainly lacked standing based on his insufficient allegations).

---

[2] The Court can thus ignore those parts of B and R's brief that focus on whether it knew or had reason to know that the Defendant Real Property was subject to forfeiture. For example, for the purposes of this motion, it is irrelevant that Prime Capital was represented by an "AmLaw 15 law firm" or "AmLaw 50 law firm," or that B and R believed that Kris Roglieri "was an unsavory but well-represented businessman that didn't follow through on his company's obligations." Opp. Br. at 2, 11.

***B and R's remaining arguments are without merit.*** B and R's references to this Court's recent ruling on an unauthorized bankruptcy filing, *see Levine v. B & R Acquis. Partners, LLC*, No. 24-CV-939 (MAD), 2025 WL 2410467 (N.D.N.Y. Aug. 20, 2025), are irrelevant to the instant motion. In the context of this motion, the Receiver's bankruptcy filing has nothing to do with whether B and R has adequately alleged an interest to the Defendant Real Property that is superior to the Government's.

B and R notes that the Government did not add the Defendant Real Property to this forfeiture action until January 2025. This is accurate but irrelevant, because "the government's interest in the proceeds of a fraud vests as soon as those proceeds come into existence, and is therefore superior to that of any subsequent third-party recipient of those funds (unless the third party is a bona fide purchaser for value)." *United States* v. *Daugerdas*, 892 F.3d 545, 548 (2d Cir. 2018). Accordingly, in a civil asset forfeiture case, the Government's interests in forfeitable property trump those of any interests that are subsequently acquired, except for those of an "innocent owner" – which B and R is not. The Government could have waited until 2026 or later to seek to forfeit the Defendant Real Property and would still have a superior interest to B and R's interest.

Finally, B and R's comparison of its own situation to that of a contractor with a lien falls short. As discussed in the moving brief, a laborer can be a BFP when, at a defendant's request, he performs unpaid work on a vehicle or a house not realizing the asset is subject to forfeiture. Courts have recognized that a contractor with a materialman's lien or mechanic's lien by operation of state law has BFP status with respect to real property or a vehicle because such a creditor would be "a bona fide . . . seller for value . . . of . . . services" "with respect to a property interest." 18 U.S.C. § 983(d)(3)(A)(i). *See, e.g.*, *United States v. Carmichael*, 433 F. Supp. 2d 1259, 1263–

65 (M.D. Ala. 2006) (under Alabama law, person who performed work on defendant's property, and took the steps required by state law to perfect his mechanic's lien, is a BFP of that property). B and R's situation is distinguishable for at least two reasons. First, as it acknowledges, it was "a good-faith purchaser of commercial lending services for value," and not a BFP of the Defendant Real Property itself. Second, a mechanic's lien arises by operation of state law when a contractor goes unpaid for services it performed with respect to real property or a vehicle, for example. But the Defendant Real Property had nothing to do with B and R's loan agreement with Prime Capital; the value that B and R gave was for "commercial lending services," not real property.

## Conclusion

The Court should strike the claim of B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC.

Respectfully submitted,

Dated: September 22, 2025

JOHN A. SARCONE III
Acting United States Attorney

By: Joshua R. Rosenthal
Michael Barnett
Assistant United States Attorneys
Bar Roll Nos. 700730 & 519140